# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMANDA ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIC SERVICE ELECTRIC AND GAS et al.,<br><br>Defendants. | Civ. No. 2:20-cv-17893 (WJM)<br><br>OPINION |

### WILLIAM J. MARTINI, U.S.D.J.

Plaintiff Amanda Ellis ("Plaintiff") brings this employment discrimination action against her former employer, Defendant Public Service Electric and Gas ("PSE&G"), and the labor union responsible for representing her, Defendant Utility Workers Union of America, Local 601 (the "Union"). This matter is before the Court upon the Union's motion to dismiss the Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF No. 7. Alternatively, the Union moves for summary judgment under Federal Rules of Civil Procedure 12(d) and 56, or for a more definite statement under Federal Rule of Civil Procedure 12(e). The Court did not hear oral argument. Fed. R. Civ. P. 78(b). For the reasons explained below, the Union's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is **GRANTED** and its motions for alternative relief are dismissed as moot.

### I. BACKGROUND

The following facts are drawn solely from Plaintiff's Complaint, which is comprised of the District of New Jersey's form Complaint for employment discrimination cases and a separate, brief statement of the claim and facts.[1] ECF No. 1.

---

[1] The Union's moving brief and Plaintiff's opposition brief both include supplemental facts that are not raised in Plaintiff's Complaint. Union Br. at 4-5, ECF No. 7; Pl. Opp'n Br. at 4-9, ECF No. 14. Indeed, Plaintiff improperly attempts to use her opposition brief to provide the Union with a more definite statement of the factual allegations underlying the "duty of fair representation" claim against it. Pl. Opp'n Br. at 4-9, ECF No. 14; *see Pennsylvania ex rel Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). The Court will not consider these allegations extraneous to the pleadings on the motion to dismiss, but it is clear the parties have very different views on how the Union did or did not act on Plaintiff's behalf.

Plaintiff worked as a representative for PSE&G from April 14, 2008, to April 9, 2020, during which time she was also a member of the Union. Statement of Claim and Facts at 1, ECF No. 1-1. In 2019, Plaintiff was diagnosed with Sjögren's syndrome, an autoimmune disease that affects the tear and saliva glands and causes dry mouth and dry eyes. *Id.* Her condition required her to take frequent breaks between working with customers, an accommodation that PSE&G was unwilling to provide, so that she could drink water and take cough drops outside of public view. *Id.* PSE&G offered Plaintiff other job positions, but the positions did not sufficiently accommodate her condition according to her physician's requests. *Id.* Throughout this time, the Union took no action to advocate on Plaintiff's behalf or to represent her interests. *Id.*

On February 12, 2020, Plaintiff filed a charge against PSE&G with the United States Equal Employment Opportunity Commission ("EEOC"). *Id.* On April 9, 2020, PSE&G terminated Plaintiff's employment. *Id.* On September 20, 2020, the EEOC dismissed the charge and issued Plaintiff a notice of right to sue. *Id.* And on December 3, 2020, Plaintiff filed her Complaint in the present matter. As to PSE&G, she alleges discrimination, retaliation, and failure to accommodate in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12112 *et seq.*, and New Jersey law, and as to the Union, she alleges it failed to represent her as a union member. Form Compl. at 5, 6, 8, ECF No. 1; *see also* Pl. Opp'n Br. at 13, ECF No. 14 (clarifying the claims brought against each defendant).

PSE&G filed an answer, ECF No. 8, and the Union filed this motion to dismiss and for alternative forms of relief, arguing that the Complaint is wholly devoid of factual allegations that would give rise to a "duty of fair representation" claim, and that any such claim is nonetheless time-barred. ECF No. 7. Plaintiff opposed the motion, ECF No. 14, to which the Union then replied. ECF No. 15. The matter is now ripe for resolution.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations, but "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (Rule 8 "requires a 'showing' rather than a blanket assertion of an entitlement to relief."). That is, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Twombly*, 550 U.S. at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

A complaint survives a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss if the plaintiff states a claim for relief that satisfies this plausibility standard. *Twombly*, 550

2

U.S. at 555. The movant bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Twombly*, 550 U.S. at 555-56). But a court does not accept "legal conclusions" as true and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A court also does not consider matters outside of the pleadings and relies "only [on] the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014).

## III. ANALYSIS

As mentioned above, Plaintiff's Complaint includes the District of New Jersey's form Complaint for employment discrimination cases and a separate, brief statement of the claim and facts. The Complaint states only that Plaintiff brings this action against the Union for failing to represent her interests as a union member. Compl. at 5, 8, ECF No. 1; Statement of Claim and Facts at 1, ECF No. 1-1. The Complaint offers no supporting factual allegations beyond this statement, nor does it identify the law(s) under which Plaintiff brings her claim. Clearly, "[t]his kind of conclusory pleading, devoid of any factual detail, fails to meet Rule 8(a)(2)'s requirement that the Complaint make a 'showing that the pleader is entitled to relief.'" *Nicholas v. CMRE Fin. Servs., Inc.*, No. 08-4857 (JLL), 2009 WL 1652275, at *2 (D.N.J. June 11, 2009) (quoting Fed. R. Civ. P. 8(a)(2)).

In addition to arguing the inadequacy of the Complaint, the Union argues that any "duty of fair representation" claim, whether Plaintiff intended to bring such claim under the National Labor Relations Act ("NLRA"), 29 U.S.C.A. § 159(a), or the Labor Management Relations Act ("LMRA"), 29 U.S.C.A. § 185, is barred by a six-month statute of limitations.[2] Union Br. at 8-9, ECF No. 7. Plaintiff clarifies in her opposition brief that she brings her claim pursuant to the state "counterpart statute," the New Jersey Employer–Employee Relations Act ("EERA"), N.J. Stat. Ann. § 34:13A–1 *et seq.*, which has a six-year statute of limitations. Pl. Opp'n Br. at 9-12, ECF No. 14. But as the Union correctly argues, the EERA is not applicable to Plaintiff's claim. Union Reply at 9-10, ECF No. 15.

---

[2] The Union relies on the fact that PSE&G terminated Plaintiff's employment on April 9, 2020, and Plaintiff then filed the Complaint in the instant matter nearly eight months later on December 3, 2020. Union Br. at 9, ECF No. 7. But "[i]t is generally the employee's knowledge of the union's failure to pursue the grievance that sets the six-month statute of limitations running[.]" *Luongo v. Vill. Supermarket, Inc.*, 261 F. Supp. 3d 520, 527 (D.N.J. 2017). It is impossible to discern from Plaintiff's Complaint the date on which the statute of limitations began to run. *See Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) ("A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint."). Regardless, Plaintiff clarifies in her opposition brief that she is bringing her claim pursuant to the New Jersey Employer–Employee Relations Act, N.J. Stat. Ann. § 34:13A–1 *et seq.* Pl. Opp'n Br. at 9-12, ECF No. 14.

"Under the EERA, a union has the exclusive right to represent the interests of *public* employees." *Farber v. City of Paterson*, 440 F.3d 131, 143 (3d Cir. 2006) (citing N.J. Stat. Ann. § 34:13A–5.3) (emphasis added). The EERA defines "public employee" as any person employed in the service of a "public employer," "which shall mean the State of New Jersey, or the several counties and municipalities thereof, or any other political subdivision of the State, or a school district, or any special district, or any authority, commission, or board, or any branch or agency of the public service." N.J. Stat. Ann. § 34:13A–3(c), (d). PSE&G is not a branch of the State of New Jersey; it is a subsidiary of Public Service Enterprise Group, a publicly traded energy company. Plaintiff is therefore not a "public employee" that may seek relief under the EERA. *Mabey v. Great Atl. & Pac. Tea Co.*, No. 11-00478 (DMC), 2011 WL 2174314, at *2 (D.N.J. June 1, 2011) ("As Defendant correctly points out, the EERA 'creates no rights or duties for employees, employers, or unions in the private sector.'" (citation omitted)). Plaintiff has not asserted any other basis on which she brings her "duty of fair representation" claim against the Union. As it stands, Plaintiff has failed to allege facts that plausibly state a claim for relief against the Union, and that claim is dismissed.

The Union seek dismissal with prejudice. Union Br. at 14, ECF No. 7. Generally, amendment is permitted absent "undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed . . . , [or] futility of amendment." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Because the Court has concluded that Plaintiff cannot state a plausible "duty of fair representation" claim under the EERA, the Court will dismiss this claim with prejudice for failure to state a claim under Rule 12(b)(6). The Union's motion to dismiss is therefore granted and this action is dismissed at to the Union. The Union's motions, in the alternative, for summary judgment under Federal Rules of Civil Procedure 12(d) and 56, or for a more definite statement under Federal Rule of Civil Procedure 12(e) are dismissed as moot.

## IV. CONCLUSION

For the reasons stated above, the Union's motion to dismiss, ECF No. 7, is **GRANTED**, and its motions for alternative relief are dismissed as moot. This action is **DISMISSED** as to the Union.

An appropriate Order accompanies this Opinion.

WILLIAM J. MARTINI, U.S.D.J.

**Date: June 1, 2021**

4